# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2022

Lyle W. Cayce
Clerk

No. 21-60468
Summary Calendar

Juan Aguirre-Cano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 155 740

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Petitioner Juan Aguirre-Cano is a native and citizen of Mexico. He seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. He contends he demonstrated that his removal would cause an

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60468

exceptional and extremely unusual hardship to his *oldest* daughter. He has, however, abandoned any challenge that he failed to demonstrate such hardship to his *youngest* daughter because he failed to make that challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the BIA's decision, but we consider the immigration judge's (IJ) decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review factual findings for substantial evidence, but we review legal determinations de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021).

Cancellation of removal is only available to applicants who (1) have been continuously present in the United States for 10 or more years prior to filing an application, (2) are able to establish good moral character during that time and (3) have no disqualifying convictions, and whose spouse, children, or parents would suffer "exceptional and extremely unusual hardship" if the applicant were removed. 8 U.S.C. § 1229b(b)(1).

The consequences facing Aguiree-Cano's qualifying relative if he were removed are not "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo*, 3 F.4th at 775 (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001); quotation marks omitted). He contends that the IJ should have focused on how Aguiree-Cano's daughter's blood disorder could be improved by being treated by a specialist, but there is nothing in the record to suggest that he ever paid for his daughter to see a specialist or that he would be able to do so in the future. Substantial evidence supports the determination that Aguirre-Cano was ineligible for cancellation of removal: The record does not compel the conclusion that his qualifying relative would suffer exceptional and extremely unusual hardship if he were removed. *See Guerrero Trejo*, 3 F.4th at 774.

No. 21-60468

Aguirre-Cano's petition for review is DENIED.